UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JHON KEVIN SARMIENTO GUERRERO,

                           Petitioner-Plaintiff,        25-CV-5881 (EK)

   -v-

                                                      **TEMPORARY**
KRISTI NOAM, *in her official capacity as*     **RESTRAINING**
*Secretary of the U.S. Department of Homeland*  **ORDER AND ORDER**
*Security*; TODD LYONS, *in his official capacity as*  **TO SHOW CAUSE**
*Acting Director of U.S. Immigration and Customs*
*Enforcement*; JUDITH ALMODOVAR, *in her*
*official capacity as Acting Field Office Director of*
*the New York Office of U.S. Immigration and*
*Customs Enforcement*; PAMELA BONDI, *in her*
*official capacity as U.S. Attorney General*; RAUL
MALDONADO, Jr., *in his official capacity as*
*Warden of the Metropolitan Detention Center*,

                         Defendant-Respondents.
------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

       This petition for a writ of habeas corpus and accompanying motions for preliminary injunctive relief have been assigned to the Hon. Eric R. Komitee for all purposes, except insofar as the undersigned, as Miscellaneous Duty Judge, has been designated to handle initial scheduling matters and issue all related orders necessary to preserve the Court's jurisdiction and grant other temporary relief as may be just and proper.

1

WHEREAS, Petitioner is and has been detained by Respondents at the Metropolitan Detention Center in Brooklyn, New York since June 20, 2025 and at other facilities since June 9, 2025;

WHEREAS, Petitioner is detained despite having been granted bond in the amount of $1,500, the minimum required by applicable law, by an Immigration Judge on August 6, 2025;

WHEREAS, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1 (Oct. 21, 2025), supported by accompanying declarations and exhibits, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner has moved for entry of a Temporary Restraining Order and Preliminary Injunction, ECF No. 2 (Oct. 21, 2025), supported by an accompanying Memorandum of Law, seeking an order directing his immediate release from detention and restraining Respondents from re-detaining him for the pendency of the Court's adjudication of the underlying Petition;

WHEREAS, based on the declarations of Petitioner's counsel, legal authorities, and arguments submitted, the Court finds that Petitioner has established (1) a likelihood of success on the merits of his Petition, (2) that he is currently suffering and will continue to suffer irreparable harm absent preliminary injunctive relief, and

(3) that the balance of equities and the public interest favor the grant of injunctive relief;

It is hereby:

**ORDERED**, that Petitioner's Motion for a Temporary Restraining Order is **GRANTED**;

**ORDERED**, that in order to preserve the Court's jurisdiction pending final disposition of the Petition, Respondents are **ENJOINED** from moving Mr. Sarmiento Guerrero outside the jurisdiction of this Court and the United States.  *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction.")[1]; *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sep. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25 Civ. 1935, 2025 WL 750599,

---

[1] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated.

3

at *1 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal),

**ORDERED**, that Respondents must release Petitioner from custody immediately, and shall submit a letter on the docket confirming Petitioner's release within 24 hours of this Order, and are further **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect;

**ORDERED**, that Respondents shall show cause in writing no later than October 28, 2025 at 10:00a.m. as to why the Court should not issue a preliminary injunction enjoining Respondents from detaining Petitioner during the pendency of this Court's consideration of the Petition.

**ORDERED**, that the parties shall appear before the Hon. Eric R. Komitee on October 31, 2025 at 10:00a.m. in Courtroom 6G North of the Brooklyn Federal Courthouse for a conference and oral argument on Petitioner's Motion for Preliminary Injunction.

4

If Petitioner wishes to file a written response to Respondents' submission prior to the October 31 oral argument, he may do so on or before October 30, 2025 at 10:00a.m.

Any requests to modify the deadlines set forth in this Order shall be addressed to Judge Komitee and shall be made in accordance with Judge Komitee's individual rules and practices.

Petitioner's counsel is directed (1) to serve the United States Attorney's Office for the Eastern District of New York with a copy of the Petition and accompanying papers, along with a copy of this Order, by electronic mail, by 11:59p.m. tonight (October 21, 2025), and (2) to promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

The Court also respectfully requests that Clerk of Court provide an additional courtesy copy of this Order to the Chief of the Civil Division of the United States Attorney's Office for the Eastern District of New York by electronic mail.

**SO ORDERED.**

Dated: October 21, 2025  /s/ *Nina R. Morrison*
      Brooklyn, New York  Nina R. Morrison
                                           United States District Judge/
                                           Miscellaneous Duty Judge